**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK A. GODWIN,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>REBECCA J. FLEMING; et al.,<br><br>               Defendants - Appellees. | No. 14-16559<br><br>D.C. No. 1:14-cv-00573-LJO-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Former California state prisoner Mark A. Godwin appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion denial of leave to amend, *Lopez v. Smith*, 203 F.3d 1122,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1130 (9th Cir. 2000) (en banc), and we affirm.

The district court did not abuse its discretion by dismissing Godwin's complaint after concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."); *see also Curry v. Castillo* (*In re Castillo*), 297 F.3d 940, 947, 952 (9th Cir. 2002) (absolute judicial immunity "extends to nonjudicial officers for all claims relating to the exercise of judicial functions," including some administrative acts "which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function" (citation and internal quotation marks omitted)); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages . . . when they perform tasks that are an integral part of the judicial process.").

We treat Godwin's "Motion to bring All 1983 Actions, To One Court," filed on September 3, 2014, as a motion to treat his three pending appeals as related and grant the motion.

**AFFIRMED.**

14-16559